

**SIGNED this 25 day of August, 2006.**

```
                          _____
                                  R. Thomas Stinnett
                             UNITED STATES BANKRUPTCY JUDGE
```
_____


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| In re: | No. 06-10675 |
| | Chapter 13 |
| CHARLES OWEN JOHNSON, JR., | |
|     Debtor | |
| | |
| CHARLES O. JOHNSON, JR., | |
|     Plaintiff, | |
| v | Adversary Proceeding |
| | No. 06-1078 |
| NANCY L. BUCHTEL, | |

### MEMORANDUM

The debtor filed an objection to his ex-wife's claim for child support. The debtor also filed an adversary proceeding that seeks a decision by this court on the amount of the child support claim. The child support order was issued by the Superior Court of

Walker County, Georgia. This court modified the automatic stay to allow the parties to litigate the question in the Georgia state court, but the parties did not obtain a decision. The debtor's objection to the claim came up for hearing, and the court directed the parties to file briefs. After further consideration, the court concludes that briefs are not necessary because the question raised by the objection comes within the domestic relations exception to federal jurisdiction and must be dealt with by the state courts of Georgia.

The debtor contends that his ex-wife cannot collect child support for the period of time during which the child lived with him. The court must note that the debtor's calculation of the debt does not follow from this argument. The calculation goes as follows:

| | |
|---|---:|
| Child support for the period the child lived with his mother | $24,955.00 |
| Child support for the period the child lived with the debtor | – 6,580.00 |
| Amount owed by debtor | $17,915.00 |

This gives the debtor double credit. It treats the debtor as not liable for the child support that accrued while the child lived with him and then deducts the same amount from the child support that came due while the child lived with his mother. That said, the court turns to the immediate problem. Should this court rule on the debtor's objection?

Generally, a parent must pay child support as ordered by the state court until the state court changes the order or grants the parent relief from the obligation. The Georgia courts have created an exception from liability for child support that *may* apply for a period during which the child lived with the parent obligated to pay the support. *Brown v. Georgia Department of Human Resources*, 263 Ga. 53, 428 S.E.2d 81 (1993). The Georgia courts have plainly stated the facts that justify the exception, but this does not mean that a federal court should decide whether the exception applies. The federal court would be

applying Georgia family law to decide whether to grant the debtor retroactive relief from the child support order. Even if the debtor proves the facts that justified the exception in the reported cases, the ex-wife might prove other facts to show that it would be inequitable to excuse the debtor from payment. The debtor's objection raises the possibility that the court will be required to consider a wide range of facts that are relevant under Georgia family law to whether a parent should be relieved from a child support obligation. The state courts of Georgia are the proper courts to handle the issues raised by the debtor's objection. It comes within the domestic relations exception to federal jurisdiction, including bankruptcy jurisdiction. *See Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); *In re Slater*, 188 B.R. 852 (Bankr. E. D. Wash. 1995); *Surface v. Dobbins*, 1993 WL 1318609 (S. D. Ohio Sep. 23, 1993).

       The court will enter an order overruling the objection. If the debtor prevails in state court, he can file another objection if needed. The court will also dismiss the adversary proceeding since it was aimed at obtaining a decision from this court on the amount of the child support debt.

# # #